PEOPLE v BROOKS

Docket No. 114660. Submitted April 19, 1990, at Detroit. Decided
    August 6, 1990.

Miguel Brooks, sixteen years old, was charged in the Recorder's
    Court for the City of Detroit with first-degree murder. He
    moved to suppress evidence of his confession to the police.
    Following a hearing, the trial court, Gershwin A. Drain, J.,
    found defendant's confession to be voluntary but dismissed the
    case because defendant was·not immediately taken upon arrest
    to the juvenile division of the probate court as required by
    MCL 764.27; MSA 28.886. The prosecutor appealed claiming
    error in the rejection of the argument that the new automatic
    waiver rules set forth in MCL 600.606; MSA 27A.606 and MCL
    764.1f; MSA 28.860(6) applied to the case and made compliance
    with § 27 unnecessary.

The Court of Appeals *held:*

The trial court erred by not interpreting the new automatic
    waiver statutes as providing an exception to the mandatory
    proceedings of § 27 regarding juvenile offenders and in finding
    that mandatory suppression was required under § 27.

Reversed and remanded.

1. CRIMINAL LAW — JUVENILE OFFENDERS — COURTS.
    Effective October 1, 1988, a prosecutor may proceed in either
    juvenile or circuit court when a juvenile fifteen years of age
    and less than seventeen years of age is charged with certain
    enumerated felonies (MCL 600.606, 764.1f; MSA 27A.606,
    28.860[6]).

2. CRIMINAL LAW — JUVENILE OFFENDERS — COURTS — JURISDICTION.
    A 1988 amendment of the Code of Criminal Procedure provides
    an exception to the mandatory proceedings regarding juvenile
    offenders contained in MCL 764.27; MSA 28.886 whereby juve-
    niles charged as adult offenders pursuant to MCL 600.606; MSA

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren §§ 19, 20, 26.

See the Index to Annotations under Juvenile Courts and Delin-
    quent Children.

27A.606 fall outside of the juvenile court's jurisdiction (MCL 600.606, 764.1f, 764.27; MSA 27A.606, 28.860[6], 28.886).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Thomas M. Chambers* and *Susan Randolph,* Assistant Prosecuting Attorneys, for the people.

*Garber, Harris & Sherbow, P.C.* (by *Ira G. Harris*), for defendant.

Before: DANHOF, C.J., and MURPHY and T. M. BURNS,* JJ.

DANHOF, C.J. The prosecutor appeals as of right from a Recorder's Court opinion and order dismissing a charge of first-degree murder, MCL 750.316; MSA 28.548, on the ground that although defendant's confession was voluntary, it was taken in violation of the statute governing disposition of juvenile offenders, MCL 764.27; MSA 28.886. We reverse.

Defendant, sixteen years old, was charged with the November 1, 1988, murder of Russell Wilcox. Defendant was arrested on November 6, 1988, and he gave a statement to the police. Defendant later moved to suppress the statement. At the *Walker* hearing [*People v Walker (On Rehearing)*, 374 Mich 331, 338; 132 NW2d 87 (1965)], the trial court found that defendant's statements regarding his participation in the charged offense were voluntary but dismissed the case because defendant was not immediately taken upon arrest to the juvenile division of the probate court, as required by § 27. In doing so, the court rejected the prose-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

cutor's argument that the new "automatic waiver" rules as set forth in MCL 600.606; MSA 27A.606 and MCL 764.1f; MSA 28.860(6) applied to this case and made compliance with § 27 unnecessary.

On appeal, the prosecutor claims that the trial court erred by not interpreting the new automatic waiver statutes as an exception to the mandatory provisions of § 27. We agree.

This Court will not reverse a trial court's findings regarding a motion to suppress unless they are clearly erroneous. A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made. *People v Kvam,* 160 Mich App 189, 196; 408 NW2d 71 (1987).

Section 27, MCL 764.27; MSA 28.886, as amended by 1988 PA 67, effective October 1, 1988, provides in pertinent part as follows:

> *Except as otherwise provided in section 606* of the revised judicature act of 1961, Act No. 236 of the Public Acts of 1961, being section 600.606 of the Michigan Compiled Laws, or section 10a(1)(c) of Act No. 369 of the Public Acts of 1919, being section 725.10a of the Michigan Compiled Laws, if a child under 17 years of age is arrested, with or without a warrant, the child shall be taken immediately before the juvenile division of the probate court of the county where the offense is alleged to have been committed, and the officer making the arrest shall immediately make and file, or cause to be made and filed, a petition against the child as provided in chapter XIIA of Act No. 288 of the Public Acts of 1939, as amended, being sections 712A.1 to 712A.28 of the Michigan Compiled Laws. *Except as otherwise provided in section 606* of Act No. 236 of the Public Acts of 1961, being section 600.606 of the Michigan Compiled Laws, or section 10a(1)(c) of Act No. 369 of the Public Acts of 1919, being section 725.10a of the Michigan Compiled

Laws, if during the pendency of a criminal case against a child in a court in this state it is ascertained that the child is under 17 years of age, the court shall immediately transfer the case, together with all papers connected with the case, to the juvenile division of the probate court of the county where the offense is alleged to have been committed. [Emphasis added.]

MCL 600.606; MSA 27A.606, enacted by 1988 PA 52, effective October 1, 1988, provides:

The circuit court shall have jurisdiction to hear and determine a violation of section 83, 89, 91, 316, 317, 520b, or 529 of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, and 750.529 of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, if committed by a juvenile 15 years of age or older and less than 17 years of age.

MCL 764.1f; MSA 28.860(6), enacted by 1988 PA 67, effective October 1, 1988, authorizes the prosecutor to proceed in either juvenile or circuit court when a juvenile is charged with any of the enumerated felonies set forth in the statute. It provides:

If the prosecuting attorney has reason to believe that a juvenile 15 years of age and less than 17 years of age has violated section 83, 89, 91, 316, 317, 520b, or 529 of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, and 750.529 of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of

1978, being sections 333.7401 and 333.7403 of the
Michigan Compiled Laws, the prosecuting attorney
may authorize the filing of a complaint and war-
rant on the charge with a magistrate concerning
the juvenile.

The primary object of judicial interpretation of
criminal statutes is to ascertain and give effect to
the intent of the Legislature. *People v Crousore,*
159 Mich App 304, 310; 406 NW2d 280 (1987), lv
den sub nom *People v Wyngaard,* 430 Mich 893
(1988). When statutory language is clear and un-
ambiguous, judicial interpretation to vary the
plain meaning of the statute is precluded. The
Legislature must have intended the meaning it
plainly expressed, and the statute must be en-
forced as written. *Hiltz v Phil's Quality Market,*
417 Mich 335, 343; 337 NW2d 237 (1983). See also
*People v Johnson,* 174 Mich App 108, 115; 435
NW2d 465 (1989).

We find that the Legislature, in amending § 27,
intended to provide an exception to the mandatory
proceedings of § 27 regarding juvenile offenders.
This conclusion is buttressed by the Legislature's
use of the language "Except as otherwise provided
in section 606" set forth in § 27. Exceptions oper-
ate to restrict the general applicability of legisla-
tive language. See 2A Sands, Sutherland Statutory
Construction (4th ed), § 47.11, p 144. In Michigan,
exceptions are strictly construed and not extended
beyond their plain meaning. *Grand Rapids Motor
Coach Co v Public Service Comm,* 323 Mich 624; 36
NW2d 299 (1949). See also *Michigan Millers Mu-
tual Ins Co v Farm Bureau General Ins Co,* 156
Mich App 823; 402 NW2d 96 (1986), lv den 428
Mich 881 (1987).

As noted above, we believe that the Legislature's
intent in amending § 27 is clear. A reading of the

exception set forth in § 27 supports the conclusion that the Legislature intended that those juveniles charged as adult offenders pursuant to § 606 fall outside of the juvenile court's jurisdiction. Because § 606 divests the juvenile court of jurisdiction and gives the circuit court original jurisdiction in the matter, the mandatory provisions set forth in § 27 do not apply to those juveniles charged as adult offenders.

In this case, the sixteen-year-old defendant was charged with the enumerated offense of first-degree murder, MCL 750.316; MSA 28.548. The lower court record confirms that defendant was processed under the automatic waiver provisions of the new statutes. Accordingly, we find that the trial court clearly erred in finding that mandatory suppression was required under § 27. Because the trial court found that defendant's confession was voluntary, we reverse the trial court's order granting defendant's motion to suppress and dismissing the charges.

Reversed and remanded. We do not retain jurisdiction.