PEOPLE v HUNTER

Docket Nos. 147049, 147474. Submitted July 7, 1993, at Lansing. Decided October 4, 1993, at 9:35 A.M. Leave to appeal sought.

Lymon C. Hunter, III, was convicted following a bench trial in the Oakland Circuit Court, Gene Schnelz, J., of manufacturing 50 grams or more, but less than 225 grams, of cocaine, delivery of less than 50 grams of cocaine, and possession of marijuana. He was sentenced to concurrent prison terms of 5 to 20 years' imprisonment for the manufacturing conviction, 180 days to 20 years for the delivery conviction, and 16 days for the marijuana conviction. Both parties appealed, and the appeals were consolidated.

The Court of Appeals *held:*

1. There was insufficient evidence that the defendant manufactured 50 grams or more, but less than 225 grams, of a mixture containing cocaine. The evidence established that a jar found in the defendant's home that was filled with 61.5 grams of an opaque liquid actually contained two separate items, water and particles of cocaine weighing 10.05 grams, rather than a mixture containing cocaine. The cocaine found in the jar was an insoluble solid material that was easily separated from the water.

2. Because the testimony established that the defendant was converting powered cocaine into crack cocaine at the time of his arrest, he properly may be convicted of manufacturing cocaine by converting or processing a controlled substance by means of chemical synthesis. The definition of "manufacture" in MCL 333.7106(2); MSA 14.15(7106)(2) includes the conversion or processing of a controlled substance by chemical synthesis.

3. The evaporation of the liquid in the jar by a forensic chemist at the state police crime laboratory was not done in bad faith and did not deny the defendant a fair trial. In addition, the defendant failed to object to the admission of the

REFERENCES

Am Jur 2d, Criminal Law § 830; Drugs, Narcotics, and Poisons §§ 19, 27.6.

See ALR Index under Cocaine; Destruction or Demolition; Drugs and Narcotics.

10.05 grams of cocaine recovered from the jar, and failure to object to the admission of evidence precludes appellate review absent manifest injustice. In light of the uncontroverted evidence that the defendant was manufacturing crack cocaine at the time of his arrest, no manifest injustice will result from lack of appellate review of the issue.

4. Because the evidence establishes that the defendant manufactured less than fifty grams of cocaine, the defendant's manufacturing conviction is reduced to one appropriate for an amount of less than fifty grams of cocaine. The case must be remanded for entry of a modified judgment of sentence and resentencing.

Modified and remanded.

1. Controlled Substances — Words and Phrases — Mixtures Containing Cocaine.

To constitute a mixture containing cocaine, a mixture must be reasonably homogeneous or uniform and it should be reasonably difficult to separate the cocaine from the filler material because of a mixing or blending of the substances; where cocaine and water are in a container and the cocaine is an insoluble solid material that is easily separated from the water, the contents of the container are two separate items, water and particles of cocaine, rather than a mixture containing cocaine (MCL 333.7401[2][a][iii]; MSA 14.15[7401][2][a][iii]).

2. Controlled Substances — Words and Phrases — Manufacturing Cocaine.

The conversion of powdered cocaine into crack cocaine qualifies as the "manufacturing" of cocaine by chemical synthesis (MCL 333.7106[2], 333.7401[2][a][iv]; MSA 14.15[7106][2], 14.15[7401][2] [a][iv]).

3. Constitutional Law — Evidence — Failure to Preserve — Due Process.

Failure of the police to preserve evidentiary material that may have exonerated a defendant constitutes a denial of due process only where bad faith on the part of the police can be shown.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for the defendant on appeal.

Before: MacKenzie, P.J., and Griffin and W. L. Cahalan,* JJ.

Griffin, J. Following a bench trial, defendant was convicted of manufacturing 50 grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). Defendant was sentenced to concurrent prison terms of 5 to 20 years for the manufacturing conviction, 180 days to 20 years for the delivery conviction, and 16 days for the possession of marijuana conviction. Both parties appeal as of right. We reduce defendant's manufacturing conviction to one appropriate for an amount of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and remand for modification of the judgment of sentence and resentencing. Our resolution of this matter renders the prosecutor's consolidated appeal moot.

I

This case arises out of the execution of a search warrant at defendant's home on November 2, 1990. Defendant was observed dropping a glass jar into a wastebasket in the kitchen area. The jar, retrieved from the wastebasket, was warm and contained a milky white substance. In addition, two rocks of crack cocaine and a small amount of marijuana were seized. The jar, along with the other seized contraband, was sent to the state police crime laboratory for an analysis of its contents.

The forensic chemist who examined the jar testi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fied that it was filled with 61.5 grams of an opaque liquid containing insoluble particles in a "non-homogeneous mixture." The particles were dispersed throughout the liquid in the jar and on the bottom of the jar. The chemist concluded that the liquid was water. After the testing of a portion of the solid material on the bottom of the jar indicated the presence of cocaine, the water was evaporated, leaving 10.05 grams of an "off-white powder." The powder tested positive for cocaine. The water was never tested for the presence of cocaine. The chemist further testified that the cocaine was in the "wet phase" stage of being manufactured into crack cocaine.

II

Defendant's argument challenging the sufficiency of the evidence underlying his conviction of manufacturing cocaine is dispositive. Defendant contends that there was insufficient evidence that he "manufactured" 50 grams or more, but less than 225 grams, of a mixture containing cocaine. We agree. In determining whether the prosecution has presented sufficient evidence to sustain a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992); *People v Miller,* 198 Mich App 494, 498; 499 NW2d 373 (1993).

MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) prohibits the manufacturing of "50 grams or more, but less than 225 grams, of any mixture containing" cocaine. Recently, this Court in *People v Barajas,* 198 Mich App 551, 556; 499 NW2d 396

(1993), construed the term "mixture" for purposes of a controlled substance violation and held that the weight of the controlled substance and filler material cannot be aggregated to punish a defendant more severely unless both are mixed together to form a homogeneous or reasonably uniform mass. In *Barajas,* a rock of cocaine weighing 26.01 grams was taped to the inside of a package also containing over one kilogram of baking soda. *Id.* at 553. In concluding that the weight of the two substances could not be aggregated as a "mixture," this Court found that the cocaine and baking soda were easily separated. *Id.* at 556. Moreover, this Court also noted that the concentration of cocaine was not reasonably uniform or homogeneous throughout the baking soda in the package. The baking soda contained no trace of cocaine. *Id.* at 556-557.

Similarly, in the present case, we conclude that the evidence does not establish that the cocaine and water in the jar was a "mixture." *Barajas, supra.* The cocaine found in the jar was an insoluble solid material that was easily separated from the water. The chemist testified that one of the particles he removed from the bottom of the jar tested positive for the presence of cocaine. Moreover, because the cocaine did not dissolve into the water, the concentration of cocaine was not reasonably uniform or homogeneous. Accordingly, the jar contained two separate items, water and particles of cocaine weighing 10.05 grams, rather than a mixture containing cocaine.

III

Defendant also argues that the prosecutor failed to prove that he manufactured cocaine. MCL 333.7106(2); MSA 14.15(7106)(2) defines "manufacture":

"Manufacture" means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis. It includes the packaging or repackaging of the substance or labeling or relabeling of its container, except that it does not include:

(a) The preparation or compounding of a controlled substance by an individual for his or her own use.

(b) The preparation, compounding packaging, or labeling of a controlled substance:

(i) By a practitioner as an incident to the practitioner's administering or dispensing of a controlled substance in the course of his or her professional practice.

(ii) By a practitioner, or by the practitioner's authorized agent under his or her supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale.

Because the testimony at trial established that defendant was converting powdered cocaine into crack cocaine at the time of his arrest, we find that defendant was "manufacturing" cocaine within the meaning of the statute. In reaching this result, we note that the definition of "manufacture" includes the conversion or processing of a controlled substance by chemical synthesis. In the instant case, the forensic chemist who analyzed the contents of the jar testified that the cocaine was in the "wet phase" stage of being converted into crack cocaine. He further testified that powder cocaine is converted into crack cocaine by means of a chemical process in which the powder cocaine is mixed with sodium bicarbonate or ammonia hydroxide in a container of water and

heated. The heating process chemically alters the composition of the powder cocaine and transforms it into free-base cocaine that is essentially one hundred percent pure cocaine. Accordingly, we find that this testimony established that defendant converted or processed a controlled substance by means of chemical synthesis.

IV

Defendant also contends that the destruction of the liquid in the jar denied him a fair trial and that the trial court abused its discretion in allowing into evidence the 10.05 grams of cocaine recovered from the jar because the prosecutor did not establish that the condition of the cocaine was substantially unchanged. We disagree. Failure to preserve evidentiary material that may have exonerated the defendant will not constitute a denial of due process unless bad faith on the part of the police is shown. *Arizona v Youngblood,* 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988), reh den 488 US 1051 (1989); *People v Johnson,* 197 Mich App 362, 365; 494 NW2d 873 (1992); *People v Leo,* 188 Mich App 417, 424; 470 NW2d 423 (1991). Because he has made no such showing, defendant was not denied a fair trial. *Youngblood, supra.*

Moreover, we note that defendant failed to object to the admission of evidence regarding the 10.05 grams of cocaine recovered from the jar. The failure to object to the admission of evidence precludes appellate review absent manifest injustice. *People v Spearman,* 195 Mich App 434, 446; 491 NW2d 606 (1992); *People v Potra,* 191 Mich App 503; 479 NW2d 707 (1991). In light of the uncontroverted evidence that defendant was manufacturing crack cocaine at the time of his arrest, we find no manifest injustice. *Spearman, supra.*

V

Because the evidence at trial established that defendant manufactured less than fifty grams of cocaine, we reduce defendant's manufacturing conviction to one appropriate for an amount of less than fifty grams of cocaine and remand for entry of a modified judgment of sentence and resentencing.

Remanded for entry of a judgment of sentence appropriate for a conviction of manufacturing less than fifty grams of cocaine and resentencing. We do not retain jurisdiction.