# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADAM DONALD LUTZ,

        Defendant-Appellant.

UNPUBLISHED
February 25, 2016

No. 324193
Oakland Circuit Court
LC No. 2013-248152-FC

---

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted in a jury trial of assault with intent to murder, MCL 750.83, torture, MCL 750.85, and unlawful imprisonment, MCL 750.349b[1]. He was sentenced to 23 years and 9 months to 80 years' imprisonment for the assault with intent to murder and torture convictions and 8 to 15 years' imprisonment for the unlawful imprisonment conviction. Defendant appeals as of right. We affirm.

On August 26, 2013, 78-year-old Gloriann Lutz was living with her son, defendant. That day, he handcuffed her to a filing cabinet in the garage, shut the door, and started his truck that was parked in the garage using a remote starter. When Lutz opened the garage door, defendant closed the door again and handcuffed her to the hitch of his truck. He left Lutz there for 3 to 3 ½ hours. Throughout the entire time, the truck turned on and off. Lutz was able to escape the garage after spraying hand sanitizer in defendant's face.

Defendant argues in both his counsel's brief and his own Standard 4 Brief that the trial court abused its discretion by failing to grant defendant's motion to quash. Defendant argued in his pre-trial motion to quash that the charges should have been dropped by the district court because his due process rights were violated when the police failed to preserve Lutz's second written statement. Defendant also argued that probable cause did not exist to bind him over for

---

[1] Defendant was also charged with attempted murder, MCL 750.91, as an alternative to the charge of assault with intent to murder.

trial on the charges of assault with intent to murder, attempted murder, torture, and unlawful imprisonment. He asserts the same arguments on appeal.[2]

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Bennett*, 290 Mich App 465, 479; 802 NW2d 627 (2010), quoting *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). A trial court's ruling regarding a motion to dismiss is reviewed by this Court for an abuse of discretion. *People v Stephen*, 262 Mich App 213, 218; 685 NW2d 309 (2004). Further, "[t]his Court reviews a trial court's decision regarding a discovery violation for an abuse of discretion." *People v Bosca*, 310 Mich App 1, 26; 871 NW2d 307 (2015).

This Court need not consider defendant's challenge regarding the district court's bindover decision. Any error related to a defendant's bindover at the preliminary examination is rendered harmless if the defendant is properly convicted at trial on the basis of sufficient evidence. *Bosca*, 310 Mich App at 45. Here, the jury convicted defendant of assault with intent to murder, torture, and unlawful imprisonment. The evidence presented at trial was sufficient to convict defendant of these charges. Lutz's testimony at trial was essentially the same as her testimony at the preliminary examination.

Nevertheless, the trial court did not err in denying defendant's motion to quash. The evidence presented at the preliminary examination supported the court's finding of probable cause to bind defendant over for trial.

At a preliminary examination, the prosecution must present "evidence from which at least an inference may be drawn establishing the elements" of the crimes charged. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). "Probable cause is established if 'a person of ordinary caution and prudence [could] conscientiously entertain a reasonable belief of the defendant's guilt.' " *Bennett*, 290 Mich App at 480, quoting *People v Lowery*, 274 Mich App 684, 685; 736 NW2d 586 (2007) (quotation marks and citation omitted).

In his motion to quash and now on appeal, defendant argues only that the prosecution did not establish probable cause at the preliminary examination that defendant had the intent to either murder or to cause cruel or extreme physical or mental pain and suffering. He also argues on appeal as he did in his pre-trial motion that the prosecution failed to present evidence that defendant knowingly restrained Lutz.

Lutz testified at the preliminary examination that defendant told her that she was going to die and repeatedly taunted her with inquiries as to whether she was dead yet. She also testified that she was handcuffed by defendant to a filing cabinet and later a truck in a closed garage with

---

[2] Defendant presents an additional argument in his Standard 4 Brief regarding the credibility of prosecution witness Marquise Robinson, but cites no legal authority to support his theories. This Court will not search for legal authority for defendant. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

the motor intermittently running. The motor was started and stopped remotely from outside the garage. During this process, defendant coerced Lutz to alter certain trust agreements to make them more favorable to him. When Lutz attempted to escape, she testified that defendant violently assaulted her. These actions were evidence that defendant acted purposefully and with knowledge that death and extreme mental anguish would occur. This testimony also supports the conclusion that the victim was intentionally restrained. Therefore, defendant's intent arguments fail.

Contrary to defendant's argument, the prosecution did not have to prove that he used a weapon to restrain the victim to satisfy the intent element for a bind over on unlawful restraint per MCL 750.349b. He misreads the statute. The prosecution was required to demonstrate that defendant was either, in the process of committing another felony, or that he secretly confined Lutz. He did both.

As to torture, the statute requires that a defendant must be shown to act "with the intent to cause cruel or extreme physical or mental pain and suffering, [that] inflicts great bodily injury or severe mental pain or suffering upon another person within his or her custody or physical control[.]" MCL 750.85(1); see also *People v Schaw*, 288 Mich App 231, 233; 791 NW2d 743 (2010). MCL 750.85(2)(a) defines "cruel" as "brutal, inhuman, sadistic, or that which torments." The testimony that the victim was taunted, assaulted and subject to the extreme sadism of starting and stopping the car satisfies the torture intent.

Defendant fails to adequately present on appeal his argument related to Lutz's missing police statement. Defendant concedes in his Standard 4 Brief that he cannot show that Lutz's second written statement to police was exculpatory, and simply concludes that the loss of the statement can only be attributed to bad faith. Nevertheless, we conclude that the trial court did not abuse its discretion in denying defendant's motion to quash when the record contains no evidence that Lutz's second written statement was exculpatory, or that the police acted in bad faith by failing to preserve the evidence.

If a defendant is unable to show that missing evidence is material and exculpatory, to demonstrate that his due process rights were violated, the defendant must show that law enforcement's failure to preserve the evidence was the result of bad faith. *Arizona v Youngblood*, 488 US 51, 57-58; 109 S Ct 333; 102 L Ed 2d 281 (1988); *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007). In other words, "[f]ailure to preserve evidentiary material that may have exonerated the defendant will not constitute a denial of due process unless bad faith on the part of the police is shown." *Hanks*, 276 Mich App at 95, quoting *People v Hunter*, 201 Mich App 671, 677; 506 NW2d 611 (1993), citing *Youngblood*, 488 US at 57 (1988).

There is no evidence that law enforcement acted in bad faith in failing to preserve the second statement. On the second day of the preliminary examination, Lutz testified that she wrote two statements for police. After a recess, the prosecutor said that he asked a lieutenant with the Waterford Police Department to locate the second statement, but was told that the statement was not in the file jacket. The prosecutor also contacted Detective Sutherland, who indicated that a second statement had been prepared by Lutz at the police station. Neither the prosecution, nor the defense, had the opportunity to view the statement. Although the loss of the

statement may amount to negligence on the part of the police, negligence is not bad faith. *Youngblood*, 488 US at 58.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens