PEOPLE v HANKS

Docket No. 266086. Submitted June 6, 2007, at Grand Rapids. Decided
    June 19, 2007, at 9:00 a.m. Leave to appeal denied, 480 Mich ___.
    Ka-Zar A. Hanks was convicted by a jury in the Berrien Circuit
    Court, Angela M. Pasula, J., of second-degree criminal sexual
    conduct. The defendant appealed, claiming that his right to due
    process was violated when the trial court followed its policy of
    identifying the jurors by numbers rather than by their names and
    when the prosecution failed to preserve an accurate record of the
    victim's pretrial interviews.

    The Court of Appeals *held*:

    1. The jury was an "anonymous jury" only in a literal sense.
    Although the jurors were identified by numbers, the juror ques-
    tionnaires containing biographical information were provided to
    the parties and both parties conducted extensive voir dire. There is
    no indication that the jurors believed that there was any signifi-
    cance in the use of numbers instead of names.

    2. The defendant failed to demonstrate that the use of num-
    bers prevented him from conducting meaningful voir dire or that
    his presumption of innocence was compromised, the two interests
    implicated with regard to an "anonymous jury." The defendant
    failed to show plain error affecting his substantial rights with
    regard to this unpreserved issue.

    3. The defendant failed to demonstrate that the pretrial inter-
    views of the victim contained exculpatory evidence or that law
    enforcement personnel acted in bad faith in failing to preserve a
    record of them. The defendant failed to show plain error affecting
    his substantial rights with regard to this unpreserved issue.

    Affirmed.

1. CRIMINAL LAW — JURY — ANONYMOUS JURIES.

    An "anonymous jury" is one with regard to which certain informa-
    tion is withheld from the parties; such a jury implicates the
    defendant's interests in being able to conduct a meaningful
    examination of the jury and in maintaining the presumption of
    innocence; a challenge to such a jury will succeed only where the

record reflects that the withheld information precluded meaningful voir dire or compromised the defendant's presumption of innocence.

2. CRIMINAL LAW — EVIDENCE — UNPRESERVED EVIDENCE.

A defendant's right to due process is not violated as a result of the failure of law enforcement personnel to preserve evidentiary material unless the defendant proves that the missing evidence was exculpatory or that the law enforcement personnel acted in bad faith.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Elizabeth A. Wild*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*) for the defendant.

Before: KELLY, P.J., and MARKEY and SMOLENSKI, JJ.

PER CURIAM. A jury convicted defendant of second-degree criminal sexual conduct, MCL 750.520c(1)(a). The trial court sentenced him to 50 months to 15 years in prison. We affirm.

Defendant argues that the trial court's policy of identifying jurors by numbers rather than by their names violated his right to due process and requires a new trial. Defendant did not object to the trial court's referring to the jurors by numbers; thus, this issue is not preserved. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). This Court reviews unpreserved issues, constitutional and nonconstitutional, for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To establish plain error requiring reversal, a defendant must demonstrate that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* at 763.

This Court defined an "anonymous jury" as "one in which certain information is withheld from the parties, presumably for the safety of the jurors or to prevent harassment by the public." *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000). An "anonymous jury" implicates the following interests: "(1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence." *Id.* at 522-523. A challenge to an "anonymous jury" will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised. *Id.* at 523.

In *Williams*, this Court discussed the appropriateness of an "anonymous jury" in great detail. In that case, the trial court referred to the jurors by numbers rather than by their names, and this Court concluded that there was nothing in the record that demonstrated any information was actually withheld from the parties. *Id.* While the jurors were "anonymous" in a literal sense, the record did "not support the conclusion that an 'anonymous jury,' in the strict sense of the term, was impaneled." *Id.* This Court underscored the key factor of an "anonymous jury," which is that " 'certain biographical information about potential jurors' is withheld" from the parties. *Id.* (citations omitted). Thus, this Court opted for a strict definition of "anonymous jury," where something more than just the jurors' names is withheld from the parties.

In reaching its conclusion, this Court noted that during voir dire the *Williams* defendant had access to juror biographical information contained in the juror questionnaire. *Id.* at 523-524. There was nothing in the record that indicated that the use of numbers instead of

names was unusual or out of the ordinary. *Id.* at 524. Thus, the record demonstrated that the parties were able to conduct meaningful voir dire and that the defendant's presumption of innocence was not undermined. *Id.* Nonetheless, we strongly urge trial courts to advise the venire that any use of numbers in lieu of jurors' names is simply for logistical purposes and they should not in any way consider it a negative against the defendant.

In this case, the record reflects that the jurors were identified by numbers. However, the record also demonstrates that the juror questionnaires containing biographical information were provided to the parties, and that both parties conducted extensive voir dire. There is no indication that any of the jurors believed that there was any significance in the use of numbers instead of names. Further, defendant failed to demonstrate that the use of numbers prevented him from conducting meaningful voir dire or that his presumption of innocence was compromised. *Id.* at 523. We conclude that the jury in this case was anonymous only in a literal sense, so none of the dangers of an "anonymous jury" was implicated. *Id.* at 523. Thus, defendant has not established that plain error affected his substantial rights. *Carines, supra* at 763.

In reaching our conclusion, we find that defendant's reliance on two out-of-jurisdiction cases is misplaced. In *United States v Sanchez*, 74 F3d 562, 564 (CA 5, 1996), the United States Court of Appeals for the Fifth Circuit held that the trial court improperly withheld from the parties the jurors' names, the names of their spouses, the jurors' addresses, and the jurors' employers.[1] But

---

[1] Similarly, other federal courts have held that withholding the names, spouses, addresses, and employers of jurors raises "anonymous jury" issues. *United States v Ochoa-Vasquez*, 428 F3d 1015, 1038 (CA 11, 2005);

defendant fails to acknowledge a subsequent Fifth Circuit case that held that withholding jurors' names and addresses did not rise to the level of an anonymous jury. See *United States v Branch*, 91 F3d 699, 723 (CA 5, 1996). We are bound by *Williams,* which found *Branch* persuasive. *Williams, supra* at 523.

Defendant also cites *State v Tucker*, 259 Wis 2d 484, 501-502; 657 NW2d 374 (2003), which held that withholding jurors' names only implicates a potential "anonymous jury." Although judicial decisions of foreign jurisdictions may be persuasive, they are not binding. *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006). We are not persuaded that *Williams* was wrongly decided.

Defendant also asserts that the prosecution violated his right to due process by failing to preserve an accurate record of the victim's pretrial interviews. We disagree. Defendant did not raise this objection in the trial court, so we limit our review to plain error affecting defendant's substantial rights. *Carines, supra* at 763-764.

In order to warrant reversal on the claimed due process violation, a defendant must prove that the missing evidence was exculpatory or that law enforcement personnel acted in bad faith. *People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992). "Failure to preserve evidentiary material that may have exonerated the defendant will not constitute a denial of due process unless bad faith on the part of the police is shown." *People v Hunter*, 201 Mich App 671, 677; 506 NW2d 611 (1993), citing *Arizona v Youngblood*, 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988).

---

*United States v Shryock*, 342 F3d 948, 970 (CA 9, 2003); *United States v Mansoori*, 304 F3d 635, 649 (CA 7, 2002).

Defendant has not demonstrated that the pretrial interviews of the victim contained exculpatory evidence or that law enforcement personnel acted in bad faith. Before trial commenced, defendant moved in limine to exclude the reports, findings, and conclusions of two testifying social workers. The prosecution agreed not to ask the social workers about the victim's statements during her interviews with them or their conclusions regarding the victim's credibility. It can be reasonably inferred that defense counsel found nothing exculpatory in the pretrial interview sessions because he moved in limine to exclude the social workers' reports, findings, and conclusions.

On appeal, defendant does not argue that law enforcement personnel acted improperly by not recording the sessions or that recording the interviews would have provided some exculpatory information. Defendant also does not argue that the failure to record the interviews was the result of bad faith. We note that there is no Michigan authority that requires the recording of such sessions. Further, the record reflects that both social workers explained why the sessions were not recorded. We must conclude from our review of the record that defendant has not sustained his burden of showing that the evidence was exculpatory or that law enforcement personnel acted in bad faith in not recording the interviews; consequently, defendant has not established plain error that affected his substantial rights. *Carines, supra* at 763.

We also reject defendant's argument that the victim's "unreliable testimony" should be suppressed or "a taint hearing [be held] with the burden on the prosecutor to prove by clear and convincing evidence that pre-trial interviews did not influence the [victim's] testimony." In requesting such a hearing, defendant relies on a New

Jersey case that analyzes the issue in a manner that our courts have not adopted. Other than citation of the New Jersey case, defendant sets forth no persuasive analysis on this claim, which was not raised in defendant's statement of questions on appeal. See also MCR 7.212(C)(5); *People v Connor*, 209 Mich App 419, 430; 531 NW2d 734 (1995).

We affirm.