# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DENNIS ROBERT SHEPLER,

       Defendant-Appellant.

UNPUBLISHED
December 29, 2015

No. 323979
Macomb Circuit Court
LC No. 2014-001628-FC

---

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right from jury-based convictions of armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.157a. Defendant was sentenced to concurrent prison terms of 250 months to 30 years. We affirm his convictions, but remand for further proceedings regarding his sentences.

## I. FACTS

Defendant was charged as an aider and abettor in the armed robbery of James Butsinas by Christopher Todd. The evidence showed that Todd went to the victim's home, ostensibly to buy gold, and gained entry by displaying a note bearing the name of the victim's brother John. Todd took $2,000 and a gold bracelet from James Butsinas. Defendant helped to plan the robbery, drove the getaway vehicle, dropped Todd off at the hospital, and later cleaned the car and asked an acquaintance to get rid of the car. Todd's blood was found in defendant's girlfriend's car. Defendant's acquaintance, William Marrow, cooperated with police and led them to the getaway car. Marrow also testified that defendant confessed to the robbery and described his role. The prosecution presented expert testimony and phone records showing that defendant's phone was used to make and receive calls from the area of the robbery around the time of the crimes. Phone activity was also reported to the area of defendant's girlfriend's home and the location where defendant's car was found, at the relevant times.

## II. "ANONYMOUS JURY"

Defendant first claims that he was denied due process when the court impaneled an "anonymous jury" and referred to prospective jurors only by juror numbers and then failed to give a proper cautionary instruction.

-1-

When a defendant fails to object to an issue at trial, this Court's review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007). The court's decision to refer to jurors by numbers rather than names is a decision concerning the conduct of voir dire, which this Court reviews for abuse of discretion. *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000).

This Court provided the following framework for analyzing "anonymous jury" issues in *Hanks*, 276 Mich App at 93:

> This Court defined an "anonymous jury" as "one in which certain information is withheld from the parties, presumably for the safety of the jurors or to prevent harassment by the public." *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000). An "anonymous jury" implicates the following interests: "(1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence." *Id*. at 522-523. A challenge to an "anonymous jury" will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised. *Id*. at 523.

In the present case, as in *Hanks* and *Williams*, there was nothing to show that juror biographical information was withheld from the defense. The defense would have had access to juror questionnaires, which would have included jurors' names and addresses and the occupations and places of employment of jurors and their spouses. This was not the case in *United States v Sanchez*, 74 F3d 562, 565 (CA 5, 1996), discussed in *Hanks*, where the court found a harmless error analysis not appropriate. In Michigan, courts must use juror personal history questionnaires adopted by the state court administrator, and defense attorneys must have access to the questionnaires before challenges for cause. MCR 2.510.

Moreover, the judge's comments did not seem to indicate to prospective jurors that it was unusual to refer to jurors by numbers rather than names. Defendant suggests that a curative instruction should have been given, and indeed in *Hanks* this Court "[s]trongly urge[d]" trial courts to advise the venire that any use of numbers was "simply for logistical purposes" and not to be considered negatively against the defendant. *Hanks*, 276 Mich App at 94. In *Williams*, the Court also said that appropriate safeguards should be used to assure a fair trial and that courts should use juror numbers "only when jurors' safety or freedom from undue harassment is, in fact, an issue." *Williams*, 241 Mich App at 525. In this case, the judge's instruction was similar to a "logistical purpose" instruction and prospective jurors were likely to have concluded that their anonymity was "'designed to protect them from media or public pressures'" or to have drawn no conclusions at all. *Id.* at 524, quoting *State v Bowles*, 530 NW2d 521, 529-530 (Minn, 1995).

Finally, as in *Hanks*, defendant did not demonstrate that the use of numbers "prevented him from conducting meaningful voir dire or that his presumption of innocence was compromised." *Hanks*, 276 Mich App at 94, citing *Williams*, 241 Mich App at 523. Repeatedly during voir dire defense counsel emphasized the presumption of innocence, the prosecution's

burden of proof beyond a reasonable doubt, and that defendant was only alleged to be "guilty by association." Here, as in *Williams* and *Hanks*, the jury "was anonymous only in a literal sense, so none of the dangers of an anonymous jury was implicated." *Hanks*, 276 Mich App at 94, citing *Williams*, 241 Mich App at 523. Defendant has not demonstrated plain error affecting his substantial rights.

## III. SUFFICIENCY OF THE EVIDENCE

Next, defendant argues that due process was violated where the prosecution failed to prove each element of the crimes beyond a reasonable doubt. Claims of insufficient evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). When a defendant challenges the sufficiency of the evidence, the Court views the evidence in a light most favorable to the prosecution and asks whether it would warrant a reasonable juror in finding each element of the crimes proven beyond a reasonable doubt. Witness credibility, weight of the evidence, and which inferences to draw from the evidence are issues for the jury to decide. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002); *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011).

We find that the evidence was sufficient to satisfy the elements of armed robbery and conspiracy to commit armed robbery. Defendant was charged with aiding and abetting Christopher Todd in committing the robbery of James Butsinas. MCL 767.39 provides:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

The intent necessary for conviction as an aider or abettor is the same intent required for conviction as a principal. *People v Mass*, 464 Mich 615, 628; 628 NW2d 540 (2001).

A conviction of armed robbery, MCL 750.529, requires proof that the defendant (1) assaulted the victim or put him in fear of an assault, (2) committed the assault while committing a larceny, and (3) used a dangerous weapon or article fashioned as a dangerous weapon. *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007). The crime of conspiracy, MCL 750.157a, requires (1) the intent to combine with others, and (2) the intent to accomplish an illegal objective. *Mass*, 464 Mich at 629; *People v Carter*, 415 Mich 558, 567-568; 330 NW2d 314 (1982). "For intent to exist, the defendant must know of the conspiracy, must know of the objective of the conspiracy, and must intend to participate cooperatively to further that objective." *People v Blume*, 443 Mich 476, 485; 505 NW2d 843 (1993). Frequently, a conspiracy is proven by circumstantial evidence and reasonable inferences from the evidence. *People v Justice (After Remand)*, 454 Mich 334, 347-348; 562 NW2d (1997).

Defendant argues that the prosecution failed to prove that he cooperated with or assisted the robber before or during his commission of the crime. Defendant notes that the prosecution had to prove that, at the moment of giving assistance, defendant either intended the commission of the crime or knew of the robber's intent. *People v Davenport*, 122 Mich App 159, 164; 332 NW2d 443 (1982). Thus, assistance as an accessory after the fact would be insufficient. "Mere

presence, even with knowledge that an offense is about to be committed or is being committed, is insufficient to establish that a defendant aided or assisted in the commission of the crime." *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999).

We find defendant's arguments unpersuasive and the evidence sufficient to prove each element of armed robbery and conspiracy to commit armed robbery beyond a reasonable doubt. Defendant was involved in the robbery during its planning and execution stages. He drove the getaway car and attempted to clean it and dispose of it. He provided the link between Todd and the Butsinas brothers, but defendant could not go to James Butsinas's house because James would have recognized him. Although it was Todd who confronted James and stole his money and jewelry, the evidence showed that defendant combined with Todd to decide to rob James Butsinas. Defendant has challenged the credibility of William Marrow, but whether to believe a witness's testimony is a matter solely for the jury. *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 306 (1998).

## IV. SENTENCING

Defendant's final issue deals with sentencing. Defendant's concurrent sentences of 250 months to 30 years represented an upward departure from the sentencing guidelines' recommended minimum of 225 months. Defendant was not charged as a habitual fourth offender because the prosecution failed to file the appropriate notice. Accordingly, this matter must be remanded for further proceedings consistent with this Court's opinion in *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (No. 318329, issued October 22, 2015).

Defendant's convictions are affirmed, but the matter is remanded to the trial court for further proceedings in light of our opinion in *Steanhouse*. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-4-