*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAKESHIA DENISE BROWN,

        Defendant-Appellant.

UNPUBLISHED
April 2, 2020

No. 346573
Oakland Circuit Court
LC No. 2017-262143-FH

Before: M. J. KELLY, P.J., and Fort HOOD and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial convictions for stealing, removing, retaining, or secreting another's financial transaction device without consent, MCL 750.157n. Defendant was sentenced to nine months of jail time and two years' probation. For the reasons set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

This appeal arises from fraudulent charges made on the victim's Discover card account in July 2015. On July 13, 2015, Discover received a call from a number that was not listed on the victim's account. The caller added defendant as an "authorized buyer" the caller also requested a card for defendant, which triggered security questions. The caller answered the security questions incorrectly, and the request was denied. An account memorandum indicated that the call was "suspicious" and there existed "a possible account takeover."

On July 16, 2015, an unidentified caller verified a recent transaction on the victim's account through an automated system. The call was transferred to the security department. An account memorandum read, "Suspicious caller stated her card was declined and she was at the store now, told her I am not able to access the account unless call from number on the account."

Discover's record of the victim's account showed an $80 cash advance taken out from a Bank of America automatic teller machine (ATM) in Dearborn on July 15, 2015; a $400 cash advance taken out from a Chase ATM in Redford on July 16, 2015; a $500 cash advance taken out from the same Chase ATM on July 17, 2015; and $13.36 purchase at Meijer in Southfield on July

-1-

17, 2015. Detective Robert Gerak obtained photographs of defendant using the victim's Discover card at those times and locations.

The victim, who passed away before trial, testified at the preliminary examination that she hired defendant for a brief period in 2015 to help her around the house. However, the victim, who lived in an all-services-provided senior-living facility, did not need defendant to run errands for her. The victim testified at the preliminary examination that she was "absolutely" sure that she never authorized defendant to use her Discover card.

At trial, defendant, through counsel, raised objections to admission of some of the statements contained within the records produced by Discover. These records were referred to as "account memos." Although the record is unclear whether defendant's objections to the account memos continued throughout the trial—during trial, defense counsel indicated that she had ". . . no objection if [the records] came out of the database," —defendant maintains, at least on appeal, that the account memos brought forward by Discover were not business records within the meaning of MRE 803(6). In addition to questions as to whether defendant waived objections to the account memos sought for introduction through representatives of Discover, the trial court also attempted to elicit from defense counsel exactly which account memos, or documents within the account memos defendant was objecting to, however, again, the record is somewhat vague as to the precise records defendant was positing an objection to during trial. Eventually, most of the seemingly complained of documents were allowed into evidence by the trial court.

Defendant was convicted and sentenced as indicated above. This appeal ensued.

## II. ANALYSIS

On appeal, defendant advances three claims of error. First, defendant argues that her right to due process was violated because Discover's "account memos" were hearsay not within the business records exception, and her right to confrontation was violated because she did not have the opportunity to cross-examine the Discover representatives who wrote the memorandums. Second, defendant argues that this Court should overrule binding precedent to hold that the trial court committed a structural error when it "empaneled an anonymous jury"—i.e., referred to jurors by number rather than name. Third, defendant requests this Court conclude that the trial court imposed an unconstitutional tax when it assessed $500 in court costs to defendant because MCL 769.1k violates the Distinct Statement and Separation of Powers Clauses of the 1963 Michigan Constitution. We address individually and in order each of defendant's complained of errors.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019); see also *People v Dendel*, 289 Mich App 445, 451; 797 NW2d 645 (2010) (holding that a defendant must object that the admission of hearsay testimony violated her rights under the Confrontation Clause to preserve the issue.). Prior to the introduction of Discover's records of the victim's account, defense counsel, without clearly distinguishing which documents, argued that the employee-written account memorandums were inadmissible because 1) they were not business records, but rather, "short versions . . . of alleged conversations," 2) summaries of caller statements were inadmissible hearsay-within-hearsay, 2) the identities of the callers could not be "authenticated," 3) the employees who wrote the

memorandums were not identified, and 4) the participants in the conversations could not be cross-examined. Defense counsel conceded on the record that computer-generated memorandums reporting actions that Discover took were admissible. Following a lengthy exchange, the trial court was left unable to determine what specific statements defense counsel was objecting to and on what grounds. Defense counsel suggested that she could object to specific statements when they were introduced, the court could rule, and the Discover records could be redacted before they were published to the jury. The trial court seemingly took this course of action relative to defendant's objections.

The prosecution introduced the records at the beginning of Discover regional investigator, Andrew Stack's testimony, and Stack explained Discover's procedure for responding to records subpoenas. A subpoena is assigned to a custodian of records, who queries a database and mails the records to the regional investigator and the prosecutor. The records of the victim's account were certified by a custodian's affidavit. Defense counsel stated, "Your Honor, I guess I have no objection if [the records] came out of a database . . . . I think the other stuff is probably for weight and I can do that on cross-examination." Discover's records of the victim's account were then admitted.

During Stack's testimony, defendant objected three times to hearsay-within-hearsay when Stack attempted to read the statements of callers, but counsel did not object that employees' opinions were hearsay not within the business records exception or that she was denied an opportunity to cross-examine the employees, in violation of the Confrontation Clause. The prosecutor redacted the statements that the court had excluded as hearsay-within-hearsay before publication to the jury. Defense counsel stated, "I'm satisfied with the redaction." Therefore, the issues of whether the Discover records were hearsay not within the business records exception and whether their admission violated the Confrontation Clause are not preserved for appellate review. *Thorpe*, 504 Mich at 252.

The prosecution argues on appeal that defense counsel's statements—"I guess I have no objection if [the records] came out of a database" and "I'm satisfied with the redaction"—waived those issues. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citations omitted). A defendant who "expressly approves" of a trial court's action "may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. at 215-216. A defendant is bound by his counsel's decisions "as to what arguments to pursue, . . . what evidentiary objections to raise, . . . and what agreements to conclude regarding the admission of evidence . . . . Absent a demonstration of ineffectiveness, counsel's word on such matters is the last." *Id*. at 218 (quotation marks and citation omitted; alterations in original). "[I]f the decision constitutes reasonable trial strategy, which is presumed, the right of confrontation may be waived by defense counsel as long as the defendant does not object on the record." *People v Buie*, 491 Mich 294, 315; 817 NW2d 33 (2012).

The colloquy at the beginning of trial in which defense counsel raised the issues did not result in a ruling. Defense counsel's statement that she had "no objection" when the records were introduced literally expressed the absence of an objection rather than her approval of admitting the records unredacted in their entirety; defense counsel had received permission to object to specific statements in the records as Stack testified. Defense counsel's statement that she was "satisfied

with the redaction" merely expressed her approval of the prosecution's removal of statements the court had deemed hearsay-within-hearsay; it did not express an intention to waive a right. Accordingly, we conclude the evidentiary issues were not waived but forfeited.

This Court reviews unpreserved issues for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (quotations marks and citation omitted; alteration in original).

First, defendant argues that the trial court erred in admitting the memorandums Discover employees wrote on the victim's account records because they were hearsay not within the business exception and because they violated defendant's right to confront the employees who wrote them.

MRE 803(6) provides an exception to the inadmissibility of hearsay for:

(6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Defendant argues that the Discover records did not satisfy the requirements of MRE 803(6) because they were introduced through Stack's testimony, and Stack was not "the custodian or other qualified witness." This argument is without merit. First the argument ignores the fact that Stack never claimed he was the custodian of the victim's account records; he testified that the custodian, Melissa Messmer, had certified the records. Messmer swore in her affidavit that she was Discover's custodian, that the records were retrieved in response to a subpoena for "any and all records" of the victim's account, and that:

\* \* \*

3. This record was made at or near the time of the occurrence of matters set for by, and from information transmitted by, a person with knowledge of these matters.

4. This record was kept in the course of the regularly conducted business activity.

5. It was the regular practice of the business activity to make the record.

Declarations 3, 4, and 5 in Messmer's affidavit directly quote the declarations required to certify business records under MRE 902(11). The requirements of MRE 803(6) may be satisfied "by certification that complies with a rule promulgated by the supreme court or a statute permitting certification"; and, MRE 902(11) is such rule. Defendant does not contest that Messmer's affidavit was admitted at trial along with the records. Therefore, it was irrelevant that Stack was not a "custodian or other qualified witness" because the requirements of MRE 803(6) had already been satisfied by Messmer's affidavit.

Defendant additionally argues that Messmer's "method or circumstances of preparation indicate a lack of trustworthiness" under MRE 803(6) because she "prepared" the records in response to a subpoena. See *People v McDaniel*, 469 Mich 409, 413-414; 670 NW2d 659 (2003) (holding that, under MRE 806(3), "trustworthiness is undermined when the records are prepared in anticipation of litigation.").

Again, we find this argument without merit. Simply stated, in the context of MRE 803(6), "prepared" plainly refers to when records are "made," not when they are retrieved by the custodian. Stack testified that Discover keeps records to serve its customers and to resolve financial disputes between Discover, its clients, and vendors. The employees wrote the account memorandums to conduct Discover's business, not to convict or exonerate defendant in this case. Therefore, the Discover records, including the portions of the employee memorandums that did not contain hearsay-within-hearsay, and were admissible as certified records of a regularly conducted activity.

Defendant argues that, even if the memorandums were admissible under the business records hearsay exception, their admission violated the Confrontation Clause because she did not have an opportunity to cross-examine the employees who wrote them. See *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004). Defendant 's argument ignores prior precedent as to what constitutes "testimonial hearsay." The "primary object" of an accused's right "to be confronted with the witnesses against him" is "testimonial hearsay." *Crawford*, 541 US at 53; see US Const, Am VI. "A pretrial statement is testimonial if the declarant should reasonably have expected the statement to be used in a prosecutorial manner and if the statement was made under circumstances that would cause an objective witness reasonably to believe that the statement would be available for use at a later trial." *Dendel*, 289 Mich App at 453. Contrary to defendant's assertion, the memorandums were written *prior to*, not pursuant to, any investigation of fraud by Discover or the police. "The Supreme Court [has] held that statements are not testimonial 'when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.' " *Id*. at 454, quoting *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006). The statements in the employee-written memorandums were nontestimonial; they were kept internal to Discover to keep track of an "ongoing situation"—to protect Discover and its customer, the victim, from liability for fraudulent charges. *Id*. at 453-454. The memorandums would have been written even if an investigation were deemed unnecessary; the statements in the memorandums would have been nontestimonial even if they were made to law enforcement. *Id*. Therefore, the nontestimonial statements in the memorandums did not implicate the Confrontation Clause. See *Crawford*, 541 US at 68 ("Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their

development of hearsay law—as does *Roberts*,[1] and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.").

We conclude that the trial court did not err in admitting the employee-written account memorandums because they were nontestimonial and satisfied the requirements of MRE 803(6). However, even if the memorandums were inadmissible, their admission would not constitute plain error because defendant cannot show prejudice on this record. Discover's records of transactions on the victim's account, which defendant has never sought to exclude, showed an $80 cash advance taken out from a Bank of America ATM in Dearborn on July 15, 2015; a $400 cash advance taken out from a Chase ATM in Redford on July 16, 2015; a $500 cash advance taken out from the same Chase ATM on July 17, 2015; and $13.36 purchase at Meijer in Southfield on July 17, 2015. Defendant stipulated to the admission of photographs that showed defendant using the victim's card at those places and times. The victim testified that she was "absolutely" sure that she never gave defendant permission to use her card. On this record, defendant, even if we presume error, cannot show prejudice, and accordingly, she in not entitled to relief.

Next, defendant argues that this Court should overrule binding precedent to hold that the trial court committed a structural error when it "empaneled an anonymous jury"—i.e., referred to jurors by number rather than name. Defendant did not challenge in the trial court the court's reference to jurors by number rather than name or the constitutionality of court costs. Therefore, this issue is unpreserved for appellate review. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014); *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007).

In *Hanks*, this Court held:

 [A]n "anonymous jury" [is] "one in which certain information is withheld from the parties, presumably for the safety of the jurors or to prevent harassment by the public." An "anonymous jury" implicates the following interests: "(1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence." A challenge to an "anonymous jury" will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised. [*Hanks*, 276 Mich App at 93, quoting *People v Williams*, 241 Mich App 519, 522-523; 616 NW2d 710 (2000) (citations omitted).]

Here, defendant seemingly acknowledges that the trial court did not empanel an anonymous jury under our decision in *Williams*. Rather defendant's complaint is that somehow our decision in *Williams* does not adequately protect a jury's presumption of defendant's innocence. We should, defendant asserts, look to federal case law in lieu of a decision from this Court.

---

[1] *Ohio v Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980) , abrogated by *Crawford*, 541 US at 40-69.

On this record, we cannot find any error that would cause of us to examine our prior precedent. Here, defendant's claim of error, to the extent defendant is asserting error rather than requesting a change in precedent, focuses on the trial court referencing jurors by number rather than by name. From the record it appears the trial court did so as a matter of convenience. Lacking from our review of the record or defendant's brief are any assertions that any information about the jurors was withheld from defendant. Further, we find no evidence that defendant was prevented in this case from conducting a meaningful voir dire. In fact, the record demonstrates that defense counsel was able to discuss with jurors their families, occupations and other information defense counsel may have determined pertinent for empaneling a jury. Defense counsel was able to examine the impartiality of a potential juror who was a police officer and another potential juror who was employed as a nurse at a rehabilitation facility for elderly patients. From this record we glean no evidence that could lead us to question, must less conclude, that the trial court empaneled an anonymous jury within the meaning of this Court's binding decisions in *Hanks* and *Williams*. Additionally, we glean no facts from this record which would cause us to question our decision in either *Hanks* or *Williams*. Pursuant to MCR 7.215(C)(2): "A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." Having discerned no error, defendant is not entitled to relief on this issue.

Next, defendant argues that the trial court imposed an unconstitutional tax when it assessed $500 in court costs to defendant because MCL 769.1k violates the Distinct Statement and Separation of Powers Clauses of the Michigan Constitution. Because defendant acknowledges that *People v Cameron*, 319 Mich App 215; 900 NW2d 658 (2017) controls this issue, we presume the argument is being made with the hope that our Supreme Court will reverse our decision in *Cameron*.

In *Cameron*, this Court held that court costs assessed to a criminal defendant under MCL 769.1k constituted a tax subject to the Distinct Statement and Separation of Powers Clauses of the Michigan Constitution and that the tax was constitutional. *Id*. at 236; see Const 1963 arts 3, § 2 and 4, § 32. Defendant concedes that "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2). *People v Cameron*, 504 Mich 927 (2019). Therefore, the trial court did not impose an unconstitutional tax because MCL 769.1k does not violate the Michigan Constitution, as stated in this Court's opinion in *Cameron*. Because defendant has failed to demonstrate error, she is not entitled to relief on this issue.

Affirmed.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello