*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KEMAREE BROWN, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

KEMAREE BROWN,

        Respondent-Appellant.

FOR PUBLICATION
February 25, 2025
10:51 AM

No. 368309
Muskegon Circuit Court
Family Division
LC No. 2021-000092-DJ

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

SWARTZLE, P.J.

In this case, the trial court originally imposed a delayed sentence for respondent, a juvenile who pleaded no contest to assault with intent to murder, MCL 750.83, and assault with intent to rob while armed, MCL 750.89. After respondent subsequently admitted to two probation violations, the trial court sentenced respondent to prison. On appeal, respondent argues that the trial court erred by sentencing him to prison without first considering the rehabilitation-and-risk factors set forth in MCL 712A.18i(3). When a juvenile with a delayed sentence violates probation, however, the trial court must (with serious probation offenses) or may (with less serious ones) move directly to the imposition of a sentence, without any consideration of those rehabilitation-and-risk factors. For this reason, as more fully explained below, we affirm.

## I. BACKGROUND

In 2021, respondent shot the victim during an attempted sale of a Play Station. The bullet entered the victim's neck and damaged his spinal cord, resulting in his paralysis. As mentioned, respondent pleaded no contest, and, as part of the plea, the parties agreed that the trial court would delay imposition of an adult sentence, and two charges against respondent in a second petition would be dismissed.

Periodic review hearings were held to assess respondent's behavior and progress. After respondent was found in possession of an unauthorized pill and expelled from an academy, two

probation violations were filed. It was alleged that respondent had been "orchestrating" incidents that included "directing peers to fight other people, directing peers to jump other people, and approaching younger peers, who [were] easily influenced, and asking them to hold contraband items."

The trial court held a joint probation-violation and review hearing, and the trial court addressed the probation violations first. Respondent admitted to both violations. The trial court ordered a new presentence investigation report and adjourned the proceedings, explaining to respondent that a sentencing hearing would be held, at which time the trial court would listen to evidence about respondent's behavior and make a sentencing decision.

At the next hearing, the trial court explained that it had "been trying to convince" respondent during previous juvenile matters that continuing on his path would "result in this day." The record confirms that the trial court had respondent appear before it on several prior occasions, and the trial court was very familiar with respondent's history. The trial court noted the impact that the assault had on the victim and that the delayed sentence had given respondent "an incredible opportunity," but respondent "failed." The trial court acknowledged that respondent was "maturing" and had been the first person at the detention center to graduate. With that said, the trial court concluded that a prison sentence was warranted. The trial court sentenced respondent to 17 to 45 years in prison.

Respondent now appeals by leave granted.

II. ANALYSIS

Respondent argues that the trial court erred by failing to consider the rehabilitation-and-risk factors of MCL 712A.18i(3) before imposing his sentence. Because respondent did not raise this issue in the trial court, it is not preserved for appellate review. See *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 53 (2007). Unpreserved claims of error are reviewed for plain error. *Id*. To obtain relief under this rule, respondent must demonstrate that an error occurred, the error was clear or obvious, and the error affected substantial rights. *Id*. Reversal is only warranted "when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Thorpe*, 504 Mich 230, 252-253; 934 NW2d 693 (2019).

A prosecutor may choose to charge a juvenile as an adult if the juvenile has committed certain offenses, including assault with intent to murder and assault with intent to rob while armed. MCL 712A.2(a)(1)(A); MCL 712A.2d(1). After a conviction on a designated charge, the trial court has "the option of imposing either a juvenile disposition, an adult sentence, or a blended sentence, i.e., a delayed sentence pending defendant's performance under the terms provided by a juvenile disposition." *People v Petty*, 469 Mich 108, 113; 665 NW2d 443 (2003). Under MCL 712A.18(1)(o), the trial court may delay the imposition of sentence and place the juvenile on probation. If a trial court imposes a delayed sentence, then MCL 712A.18i applies. MCL 712A.18(1)(o). This delay in sentencing does not deprive the trial court of jurisdiction to sentence the juvenile at any time during the delay. MCL 712A.18i(1).

Under MCL 712A.18i, when a trial court imposes a delayed sentence, the trial court "shall conduct a review hearing to determine whether the juvenile has been rehabilitated and whether the

juvenile presents a serious risk to public safety." MCL 712A.18i(3). Under subsection (3), the trial court may continue jurisdiction over the juvenile or impose sentence if it "determines that the juvenile has not been rehabilitated or that the juvenile presents a serious risk to public safety." MCL 712A.18i(3). To make that determination, the trial court must consider:

> (a) The extent and nature of the juvenile's participation in education, counseling, or work programs.
>
> (b) The juvenile's willingness to accept responsibility for prior behavior.
>
> (c) The juvenile's behavior in his or her current placement.
>
> (d) The prior record and character of the juvenile and his or her physical and mental maturity.
>
> (e) The juvenile's potential for violent conduct as demonstrated by prior behavior.
>
> (f) The recommendations of any institution or agency charged with the juvenile's care for the juvenile's release or continued custody.
>
> (g) Other information the prosecuting attorney or juvenile may submit. [MCL 712A.18i(3); see also MCR 3.956(A)(4)(a).]

During the final review hearing, subsection (7) sets forth three additional factors for the trial court to consider. See MCL 712A.18i(7).

Separate from monitoring a juvenile's rehabilitative progress, a trial court must also independently consider whether a juvenile has actually violated probation. Under subsection (9), if a juvenile on probation under a delay of sentence violates that probation by being convicted of a felony or a misdemeanor punishable by more than 1 year of imprisonment, then the trial court "shall revoke probation" and impose sentence. MCL 712A.18i(9). Under subsection (10), when a trial court finds that a juvenile on probation under a delay of sentence has committed a lesser violation, the trial court "may" impose sentence. MCL 712A.18i(10). See also MCR 3.956(B)(2). There is no question that respondent did not commit one of the more serious violations set forth in subsection (9), so the question is whether the trial court properly applied subsection (10).

Respondent argues that, as part of its requirement to apply subsection (10), the trial court erred by not considering the factors outlined in MCL 712A.18i(3) when it determined to impose sentence. The last hearing before the sentencing hearing was a joint probation-violation and review hearing. The trial court did not refer to MCL 712A.18i during the hearing. Instead, the trial court addressed the probation violation first, and it adjourned the hearing after respondent pleaded responsible to the two probation violations.

Respondent argues that the trial court's decision to move from probation violation directly to sentencing nullified the intermediate requirement of a review hearing under subsection (3). The respondent's argument is without merit. First, neither subsection (9) nor (10) references the rehabilitation-and-risk factors of subsection (3). This is in contradistinction to subsection (7), which does direct a trial court to consider the rehabilitation-and-risk factors of subsection (3) when

performing a final review. Thus, when our Legislature intended for a trial court to consider those rehabilitation-and-risk factors at a particular stage of the proceeding, it explicitly said so.

Second, it is clear that our Legislature considered it superfluous to direct a trial court to consider a juvenile's progress toward rehabilitation and risk to society when that juvenile has, in fact, actually violated probation. Under subsection (9), when a juvenile violates probation by committing a serious crime, the trial court has no discretion whether to revoke probation and sentence the juvenile—the trial court "shall" do so. And, even though the trial court has discretion under subsection (10), when the violation is less serious, whether to revoke probation and impose sentence, our Legislature did not direct the trial court back to subsection (3)'s list of factors to consider. Although there is nothing *precluding* a trial court from considering those factors when deciding whether to revoke probation and impose a sentence of imprisonment under subsection (10), there is likewise nothing *requiring* that the trial court do so.

Thus, the plain language of MCL 712A.18i(10) permitted the trial court to revoke probation and impose sentence once it found that respondent committed a probation violation. Once a probation violation is established under subsection (9) or (10), the trial court need not consider the rehabilitation factors outlined in subsection (3) (or the additional factors under subsection (7)). And, in any event, there is no claim that the trial court failed to engage in review hearings prior to the combined probation-violation and review hearing, and it is clear from the record that the trial court was aware of the full context of respondent's offenses and history. Respondent acknowledges on appeal that the trial court articulated the reasons for its sentence. Therefore, respondent has not shown any plain error affecting his substantial rights that warrants reversal. See *Hanks*, 276 Mich App at 92.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray