*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICIA ROSE MANNING,

        Defendant-Appellant.

UNPUBLISHED
April 15, 2025
9:40 AM

No. 369862
Ingham Circuit Court
LC No. 23-000223-FH

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Defendant, Patricia Manning, appeals by right her jury-trial convictions of resisting or obstructing a police officer, MCL 750.81d(1), and domestic violence, MCL 750.81(2). Because there are no errors, we affirm.

## I. BASIC FACTS

In the early morning hours of March 7, 2023, Dennis Morrison heard someone "beating" on the back side of his house. The sound then moved to the front of the house. Morrison opened his front door to investigate and saw Manning, who is the mother of two of his children. He told her to leave and started back inside the house. Manning, however, followed him in. She tore at Morrison's shirt, scratching him, and she hit his daughter before kicking open his bedroom door and striking Morrison's girlfriend in the face. Manning then pushed Morrison's daughter and her and Morrison's son. She elbowed another child in the chest, causing him to fall to the ground.

Morrison's daughter called the police and, when they arrived, they observed Manning leaving from a side door. An officer identified himself as a police officer and ordered her to stop. Manning kept walking and, when the officer attempted to physically apprehend her, she turned and tried to pull away from him. Eventually she fell to the ground and two officers were able to subdue and handcuff her. However, she later refused to put her feet into the police car and an officer had to physically pull her legs into the vehicle.

Following a jury trial, Manning was convicted of domestic violence and resisting or obstructing a police officer. This appeal follows.

## II. ANONYMOUS JURY

### A. STANDARD OF REVIEW

Manning argues that she was tried by an anonymous jury in violation of her due-process rights. A trial court's decision "to refer to jurors by number rather than name is a decision concerning the conduct of voir dire" that is reviewed for an abuse of discretion. *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000). Manning did not object to the court's decision to refer to the jury venire by numbers instead of names, and so we review her challenge for plain error affecting her substantial rights. See *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007).

### B. ANALYSIS

An anonymous jury is "one in which certain information is withheld from the parties, presumably for the safety of the jurors or to prevent harassment by the public." *Williams*, 241 Mich App at 522. "An anonymous jury implicates the following interests: (1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence." *Hanks*, 276 Mich App at 93 (quotation marks and citation omitted). "A challenge to an 'anonymous jury' will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised." *Id*. (quotation marks and citation omitted). A jury is not anonymous unless "something more than just the jurors' names is withheld from the parties." *Id*.

Although Manning claims on appeal that there is a "real likelihood" that the jurors assumed her dangerousness and guilt from the use of juror numbers, she points to nothing in the record to support her assertion. As a result, we conclude that Manning has not met her burden of establishing that an error occurred that was plain or obvious. See *Hanks*, 276 Mich App at 92. Although the court referred to the jury venire solely by numbers, the record does not indicate that information about the potential jurors was withheld. And there is no indication on the record that her lawyer's ability to effectively examine the venire was compromised. Indeed, during voir dire, Manning's lawyer referred to information provided by the potential jurors when asking questions. Accordingly, because Manning has not demonstrated that an anonymous jury was actually empaneled, she cannot establish that a due-process violation plainly occurred nor that it affected her substantial rights.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood