*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JONATHON EARL LEWIS,

        Defendant-Appellant.

FOR PUBLICATION
April 23, 2026
10:46 AM

No. 368179
Oakland Circuit Court
LC No. 2023-283283-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JONATHON EARL LEWIS,

        Defendant-Appellant.

No. 368180
Oakland Circuit Court
LC No. 2022-282980-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JONATHON EARL LEWIS,

        Defendant-Appellant.

No. 368181
Oakland Circuit Court
LC No. 2022-282022-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

-1-

v

JONATHON EARL LEWIS,

        Defendant-Appellant.

No.  376719
Oakland Circuit Court
LC No.  2023-284997-FH

---

Before:  CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

CAMERON, P.J.

Defendant appeals by right his jury-trial convictions of third-degree home invasion, MCL 750.110a(4) (Docket No. 368179); first-degree home invasion, MCL 750.110a(2) (Docket No. 368180); first-degree home invasion and domestic violence, MCL 750.81(2), as amended by 2016 PA 87 (Docket No. 368181); and aggravated stalking, MCL 750.411i(2)(a) (Docket No. 376719).  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's convictions arise from four incidents between May 2022 and April 2023, during which defendant repeatedly broke into the home of the victim, his former friend and romantic partner, using various methods of force and coercion.  While in the victim's home without permission, defendant assaulted the victim and also stole her belongings, including her purse.  At defendant's consolidated jury trial, the jurors were identified by number, rather than their names.  The victim was the prosecution's primary witness.  Despite defendant's attempts at undermining her credibility, the jury convicted defendant as noted.  This appeal followed.

## II. JUROR ANONYMITY

Defendant first argues that the trial court deprived him of the presumption of innocence and a fair trial when it referred to jurors by number instead of by name.  We disagree.

### A. STANDARD OF REVIEW

Because defendant did not object to the trial court's use of numbers instead of names for the jurors, his argument is unpreserved.  *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007).  Unpreserved issues are reviewed for plain error.  *Id*.  "To establish plain error requiring reversal, a defendant must demonstrate that 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

Referring to jurors by number instead of by name does not necessarily make a jury "anonymous."  See *Hanks*, 276 Mich App at 93.  Rather, an "anonymous jury" is one in which "certain biographical information about potential jurors[] is withheld from the parties[,]" often "for the safety of the jurors or to prevent harassment by the public."  *Id*. (quotation marks and citations

omitted). An "anonymous jury" implicates: "(1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence." *Id*. (quotation marks and citation omitted). "A challenge to an 'anonymous jury' will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised." *Id*.

On appeal, defendant claims that his jury was anonymous merely because the trial court identified jurors by number during voir dire. In support of this assertion, he relies on case law from other state and federal courts to argue that anonymous juries should be permitted only when withholding the jury's identify to ensure juror safety. Because similar safety concerns were not present here, defendant claims the jury-selection process in this case necessarily compromised his presumption of innocence.[1] We conclude that a trial court's decision to refer to prospective jurors by number rather than name does not render a jury anonymous.

The record suggests that the trial court used numbers to identify jurors as nothing more than an efficient method to streamline the voir dire process. Because "[a] trial court has broad discretion to control trial proceedings," *People v Taylor*, 252 Mich App 519, 522; 652 NW2d 526 (2002), we decline to interfere with that discretion absent a showing that defendant was denied pertinent biographical information such that he could not conduct meaningful voir dire, or that his presumption of innocence was compromised. See *Hanks*, 276 Mich App at 93. Defendant has not asserted, let alone established, that he was deprived of biographical information of the prospective jurors. Indeed, during voir dire the trial court referenced some juror's names, and jurors identified their marital status, place of employment, and whether they had children. There is also no indication that defense counsel was impeded in conducting effective voir dire. Both the trial court and defense counsel instructed the jury on the presumption of innocence and that the prosecutor bore the burden of proof, and both questioned whether the jurors understood the presumption and could be fair and impartial. Given these facts, defendant has failed to establish plain error. *Hanks*, 276 Mich App at 94.

## III. PROSECUTORIAL ERROR

Defendant argues that the prosecutor erred[2] by making improper remarks during closing argument, thereby depriving him of a fair trial. We disagree.

---

[1] The bulk of defendant's appeal is a general challenge to the circumstances under which Michigan courts use numbers to identify jurors, claiming that the practice is "out of step with the rest of the country[.]" He acknowledges that we are bound by the precedents set in *Hanks* and *People v Williams*, 241 Mich App 519; 616 NW2d 710 (2000), but nonetheless contends that this Court should convene a conflict panel under MCR 7.215(J) to revisit the issue. We decline to do so because we see no error in *Hanks* or *Williams* warranting a conflict panel.

[2] Defendant frames his arguments as "prosecutorial misconduct" on appeal. "Although 'prosecutorial misconduct' is a commonly accepted term of art in criminal appeals, it is a misnomer

## A.  STANDARD OF REVIEW

Defendant's claims of prosecutorial error are unpreserved because he failed to "timely and specifically challenge the prosecutor's statements or conduct." *People v Thurmond*, 348 Mich App 715, 735; 20 NW3d 311 (2023).  Accordingly, our review is "for plain error affecting defendant's substantial rights." *Id*. at 736.  The test for prosecutorial error is "whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007).  This Court reviews claims of prosecutorial error on a case-by-case basis, reviewing the record as a whole and considering the prosecutor's comments in their proper context. *Id*. at 64.

## B.  FACTS NOT IN EVIDENCE

Defendant argues that the prosecutor argued facts not in evidence when he claimed that a purse the victim had with her during trial was the same purse stolen by defendant.

"A prosecutor may not argue the effect of testimony" or other evidence that was not admitted at trial. *People v Stanaway*, 446 Mich 643, 686; 521 NW2d 557 (1994).  But not all improper comments result in a denial of due process; the prosecutor's comments must be read in context. *Dobek*, 274 Mich App at 63.  For example, "[a]lthough a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented, the prosecutor may argue reasonable inferences from the evidence." *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).

To convict defendant of first-degree home invasion, the prosecutor had to prove, in relevant part, that defendant intended to or actually committed a larceny while entering, present in, or exiting the victim's dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).  In support of the prosecutor's contention that defendant committed a larceny, the victim testified that defendant took her purse, and one of the responding officers stated that defendant was in possession of a black bag matching the victim's description when he was detained after the incident.  Photographs of the purse were also admitted at trial.  The prosecutor was permitted to argue the inference that the purse jurors saw in the victim's possession—which resembled the purse defendant stole—was the same purse referenced in the testimony and depicted in the photographs.  Moreover, this inference only slightly corroborated testimony and evidence that was already sufficient to prove defendant stole the purse.  Defendant, therefore, cannot establish that the prosecutor's statement was improper or deprived him of a fair trial.

## C.  BURDEN-SHIFTING AND DENIGRATION OF COUNSEL

Defendant also challenges the prosecutor's statement that "just because you have a trial does not mean that you have a defense," and comments that the prosecution presented all of the witnesses and evidence at trial.  He further takes issue with the prosecutor's statement during rebuttal:

---

when referring to allegations that do not involve violations of the rules of professional conduct or legal activity." *People v Thurmond*, 348 Mich App 715, 735 n 6; 20 NW3d 311 (2023).

What we're not here to do is victimize and criminalize [the victim]. And—and for what it's worth, I know that's—I agree with [defense counsel], that—that's not his intent. His intent is to represent his client to the best of his ability. And that's what he has to do because that's all he has to work with.

Defendant claims the prosecutor's statements shifted the burden of proof and insinuated that "defense counsel knew his client was guilty" and had to resort "to tricks and desperate measures" in order to prevail.

A prosecutor "may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 464; 793 NW2d 712 (2010). But "attacking the credibility of a theory advanced by a defendant does not shift the burden of proof." *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005). Additionally, "[a] prosecutor may not suggest that defense counsel is intentionally attempting to mislead the jury." *Watson*, 245 Mich App at 592. "When the prosecutor argues that the defense counsel himself is intentionally trying to mislead the jury, he is in effect stating that defense counsel does not believe his own client." *People v Dalessandro*, 165 Mich App 569, 580; 419 NW2d 609 (1988) (quotation marks and citation omitted). "However, the prosecutor's comments must be considered in light of defense counsel's comments." *Watson*, 245 Mich App at 592-593. A seemingly improper remark might be acceptable if it is a response to the defense counsel's argument. *Id*. at 593.

When read in context, *id*. at 592-593, the prosecutor's remarks were not improper. Defendant's theory at trial was that the victim was not credible because (1) she was willing to have contact with defendant after the break-ins and (2) she wanted to punish defendant for their dysfunctional relationship. During closing argument, defense counsel attempted to undermine the victim's credibility, suggesting that her conduct gave defendant the impression that he was allowed to enter her house and that she was not afraid of him despite her claims to the contrary. Defense counsel further claimed that the victim was "complicit" in defendant's behavior, manipulated the relationship to her advantage, and was the aggressor during some of their altercations. He also made comments about the victim's substance use and mental health treatment. Given this context, the prosecutor permissibly characterized the defense's theory as an unconvincing attempt to undermine a credible witness, highlighting the fact that there was sufficient, credible evidence to prove defendant's guilt beyond a reasonable doubt. Moreover, even if the comments were improper, the trial court instructed the jury that defendant was entitled to the presumption of innocence, the prosecutor was required to prove each element of the charged crimes, and that defendant was "not required to prove his innocence or to do anything." Because "[j]urors are presumed to follow their instructions, and jury instructions are presumed to cure most errors," *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020), there is no error warranting reversal.[3]

---

[3] Defendant also contends that the prosecutor's remarks implicated defendant's "decision to exercise his Fifth Amendment privilege by not testifying." Although "no reference or comments may be made regarding defendant's failure to testify," *People v Fields*, 450 Mich 94, 109; 538

-5-

## IV. JURY INSTRUCTION

Defendant finally argues that he was denied his right to a properly instructed jury because the jury should have been given a "Good Faith Claim of Title" instruction. Alternatively, defendant argues that defense counsel's failure to request the instruction constitutes ineffective assistance. We disagree.

## A. STANDARDS OF REVIEW

Because defendant failed to object to or request the challenged jury instruction, his argument is unpreserved and reviewed for plain error affecting substantial rights. *People v Everett*, 318 Mich App 511, 528-529; 899 NW2d 94 (2017). Additionally, because defendant did not move for a new trial or for a *Ginther*[4] hearing regarding his ineffective assistance of counsel claim, our review is limited to mistakes apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

## B. ANALYSIS

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014) (quotation marks and citation omitted). "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. at 240 (quotation marks and citation omitted). "[J]ury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury." *People v Montague*, 338 Mich App 29, 38; 979 NW2d 406 (2021).

Defendant was charged with first-degree home invasion, which requires an underlying crime of larceny. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). Defendant claims the following instruction, M Crim JI 7.5, should have been given to the jury:

> (1) To be guilty of [larceny/robbery/(state other crime)], a person must intend to steal. In this case, there has been some evidence that the defendant took the property because [he/she] claimed the right to do so. If so, the defendant did not intend to steal.

> (2) When does such a claimed right exist? It exists if the defendant took the property honestly believing that it was legally [his/hers] or that [he/she] had a legal right to have it. Two things are important: the defendant's belief must be honest, and [he/she] must claim a legal right to the property.

---

NW2d 356 (1995), reading the prosecutor's comments in context, there is nothing to suggest that the remarks somehow amounted to an improper comment about defendant's decision.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

(3) You should notice that the test is whether the defendant honestly believed [he/she] had such a right.  It does not matter if the defendant was mistaken or should have known otherwise.  [It also does not matter if the defendant (used force/trespassed) to get the property or if [he/she] knew that someone else claimed the property.]

(4) The defendant does not have to prove [he/she] claimed the right to take the property.  Instead, the prosecutor must prove beyond a reasonable doubt that the defendant took the property without a good-faith claimed right to do so.

The evidence did not support giving the challenged instruction because defendant did not have a good-faith claimed right to take the victim's purse.  There is nothing in the record to suggest that defendant could have honestly believed that the victim's purse and its contents, or her house and car keys, belonged to him.  Nor is there any evidence that could support defendant's theory that he mistakenly took the victim's property when retrieving his own belongings.  Accordingly, defendant cannot show that the failure to give this instruction constitutes plain error.  *Everett*, 318 Mich App at 528-529.[5]

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle

---

[5] Because the challenged instruction was unsupported by the evidence, defense counsel was not ineffective for failing to request it.  See *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021) ("Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel.")